UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF FLORIDA

CASE NO.

LEMUEL LAMPKINS,

    Plaintiff,

vs.

CHAD WOLF, as Secretary of the United States
Department of Homeland Security,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff LEMUEL LAMPKINS, through undersigned counsel, sues Defendant CHAD WOLF, as Secretary of the United States Department of Homeland Security ("DHS"), and alleges as follows:

1. This is an action for unlawful race discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, as amended, §2000e, *et seq*. ("Title VII").

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and the provisions of Title VII.

3. Venue is proper in this Court because all actions and claims asserted herein occurred within the Southern District of Florida.

4. Plaintiff is, and at all relevant times has been, a resident of Broward County, Florida, and is *sui juris*. Plaintiff is African American who was an employee of Defendant in its U.S. Immigrations and Customs Enforcement ("ICE") division for until

May 31, 2018 when, as a result of on-the-job injuries, his active employment ended. At all relevant times to the alleged discriminatory and harassing events alleged hereinbelow, Plaintiff was employed by Defendant in the position of Criminal Investigator for ICE in the Office of the Special Agent in Charge in Miami, Florida.

5. Defendant is the current Secretary of the United States Department of Homeland Security ("DHS"). He is being sued here in his official capacity as the acting head of the DHS, which was at all relevant times hereto, and still is, an agency of the federal government and was at all relevant times Plaintiff's employer.

6. On March 2, 2015, during Black History Month, Plaintiff, who was the only African American Criminal Investigator in his task force at the time, came to work and found a noose prominently displayed in his workstation cubicle. A photograph that Plaintiff took of the noose as it was displayed in his cubicle on the date he discovered it is attached as Exhibit "A".

7. The noose displayed in Plaintiff's work cubicle, which caused Plaintiff great shock and distress and caused him to feel threatened and in fear for his life, was observed by various non-African American co-employees of Plaintiff, none of whom took responsibility for the incident nor professed any knowledge of who may have placed the noose in Plaintiff's workstation.

8. Plaintiff the same day, after taking a photograph of the noose as it was displayed in his workstation, placed the noose in an evidence bag, sent a text message to his co-workers in his group about the incident, and sent a copy of the noose photograph to his supervisor, Lorenzo Toledo. Mr. Toledo the following day informed Plaintiff that he should internally report the noose incident to Defendant, which Plaintiff did, reporting

the incident to Defendant's Office of Diversity and Civil Rights and the Joint Intake Center ("JIC"). The incident was also reported to Defendant's Office of Professional Responsibility ("OPR").

10. After the incident was reported, Plaintiff was falsely accused by his supervisors and management of himself tying and planting the noose to get attention, and was also asked to take a polygraph test purportedly to clear his name, which Plaintiff refused. None of Plaintiff's non-African American co-workers nor any other persons with access to Plaintiff's workstation at the time were similarly asked to take polygraph examinations.

11. Defendant, through the OPR, commenced an investigation into the incident on or about March 4, 2020, but failed to conduct a thorough investigation under the circumstances. Specifically, Defendant failed to take all necessary steps to determine the identity of the perpetrator and failed interview all persons and employees who had access to or did access Plaintiff's workstation area during the time frame when the noose was hung in Plaintiff's cubicle. Indeed, Plaintiff was not specifically contacted or thoroughly interviewed as part of the investigation but was merely asked to confirm the complaint he had made.

12. Following the incident and the ensuing investigation, although it was clear that Plaintiff had been exposed to severe incident of racial harassment and thus a racially hostile work environment, Defendant failed to take full, effective, and appropriate remedial action. Specifically, Defendant: (1) failed to fully and properly take steps, both verbally and in writing, to alert the other federal Government agencies whose employees had access to Plaintiff's work area as to the severity of the incident and to

have those agencies take immediate steps to educate their employees as to the matter; (2) failed to take all available steps to ascertain the identity of the perpetrator of the incident; and (3) failed to give specific incident-based instruction and directives, both verbally and in writing, to all of Defendant's non-managerial employees and all of Plaintiff's co-workers as to the severity of the incident and as to racial harassment in the work place.

13. Following the incident and as a result of Defendant's failure to take full and appropriate remedial action, Plaintiff was subjected to further harassing incidents by being falsely accused of taking certain equipment from his work area, which had mysteriously gone missing, and which would, at times, suddenly reappear on Plaintiff's desk or in his cubicle as if Plaintiff was being set up to be viewed as a thief.

14. As a result of the severity of the noose incident and the fact it was Plaintiff who was specifically targeted, the false accusations management had made that Plaintiff himself had created the incident, the demeaning suggestion to Plaintiff that he should have subjected himself to a polygraph test to clear his name, and the subsequent false accusations that Plaintiff had improperly and without authorization removed Defendant's equipment, Plaintiff suffered emotional and mental distress, became increasingly withdrawn and isolated in the work place, and continued to feel, on a daily basis, fear for his life, safety, and well-being.

15. Prior to bringing this case, Plaintiff has satisfied all conditions precedent and has exhausted all applicable administrative remedies.

16. Plaintiff is entitled to recover his reasonable attorney's fees in this case under Title VII. Accordingly, to bring and prosecute this case, Plaintiff has hired the undersigned attorney and has agreed to pay the attorney a reasonable fee for his services.

## COUNT I – UNLAWFUL RACIAL HARASSMENT
## (VIOLATION OF TITLE VII)

17. Plaintiff re-alleges paragraphs 1 though 16 as if set forth fully herein.

18. Title VII makes it unlawful for an employer to subject an employee to racial harassment in the workplace.

19. The placement of a noose, a historically recognized symbol of oppression and terror to African Americans, in Plaintiff's workstation cubicle was sufficiently severe as to give rise to a racially hostile work environment in Plaintiff's workplace. Indeed, the placement of the noose in Plaintiff's workstation caused such terror in Plaintiff that he feared for his own safety and even his life and contributed to causing Plaintiff to become withdrawn, isolated, and fearful in the workplace.

20. In addition, and to make matters worse, Plaintiff, after internally reporting the noose incident, was singled out by management by being falsely accused of having planted the noose himself and by being asked to take a polygraph examination. Plaintiff also was falsely accused of taking certain of Defendant's equipment that had mysteriously disappeared and which, at times, would thereafter reappear on Plaintiff's desk.

21. Defendant was made aware by Plaintiff of the racial harassment he had suffered, in particular the noose incident, but Defendant failed to fully and properly investigate the reported harassment and, after conducting an incomplete investigation, failed to take full and appropriate remedial action.

22. Defendant's conduct constitutes unlawful racial harassment, and the creation of a racially hostile work environment toward Plaintiff on the basis of his

5

African American race, that significantly altered Plaintiff's workplace terms and conditions.

23. As a direct and proximate result of the racial harassment and racially hostile work environment that Plaintiff suffered, Plaintiff has suffered in the past, and will continue to suffer in the future, emotional distress, mental pain and anguish, humiliation, and loss of dignity.

WHERFORE, Plaintiff demands judgment against Defendant for the following relief:

A. A declaration that Defendant's conduct constitutes unlawful racial harassment and the creation of a racially hostile work place in violation of Title VII;

B. An award to Plaintiff of all his compensatory damages, including damages for emotional distress, mental anguish, humiliation, and loss of dignity;

C. An award to Plaintiff of his costs and reasonable attorney's fees;

D. An award to Plaintiff for any adverse tax consequences from any awarded and paid damages hereunder; and

E. Such further relief as the Court deems just and proper.

## COUNT II – UNLAWUL RACE DISCRIMINATION
## (VIOLATION OF TITLE VII)

24. Plaintiff re-alleges paragraphs 1 through 16 and 19 through 21 as if set forth fully herein.

22. Title VII makes it unlawful for an employer to discriminate against an employee in the terms and conditions of his employment based on the employee's race.

23. Defendant engaged in unlawful race discrimination in its treatment of Plaintiff as alleged more fully hereinabove.

24. As a direct and proximate result of the race discrimination that Plaintiff suffered, Plaintiff has suffered in the past, and will continue to suffer into the future, emotional distress, mental pain and anguish, humiliation, and loss of dignity

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief:

A. A declaration that Defendant's conduct constitutes unlawful race discrimination in violation of Title VII;

B. An award to Plaintiff of all his compensatory damages, including damages for emotional distress, mental anguish, humiliation, and loss of dignity;

C. An award to Plaintiff of his costs and reasonable attorney's fees;

D. An award to Plaintiff for any adverse tax consequences from any awarded and paid damages hereunder; and

E. Such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: November 13, 2020.

**RODERICK V. HANNAH, ESQ., P.A.**
Counsel for Plaintiff
4800 N. Hiatus Road
Sunrise, FL 33351
Telephone: 954/362-3800
Facsimile: 954/613-5902
Email: rhannah@rhannahlaw.com


By *s/ Roderick V. Hannah*
       RODERICK V. HANNAH
       Fla. Bar No. 435384